USDC SCAN INDEX SHEET











ADAMS

GENERAL DYNAMICS

RCM
3:97-CV-00616
*1*
*NTCREM.*

MAZZARELLA, DUNWOODY, WILSON & PETTY LLP
CLAUDETTE G. WILSON (110076)
LISA T. SCHROEDER (149338)
550 West C Street, Suite 1050
San Diego, CA 92101-3532
(619) 236-9600

JENNER & BLOCK
RICHARD T. FRANCH
ROYCE R. BEDWARD
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Attorneys for Defendant
GENERAL DYNAMICS CORPORATION

**ORIGINAL**

**FILED**

APR - 8 1997

CLERK, U.S. DISTRICT
SOUTHERN DISTRICT
DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. ADAMS, MELANIE ARGO, MICHAEL L. BAFFONE, PHILIP P. BALISTRERI, ROBERT J. BARRY, DONALD BATES, DIANE BEDESSEM, GEORGE R. BELL, STEVE BIRMINGHAM, JAMES VICTOR BOWER, ROBIN DALE BOYD, JUAN DANIEL BROOKS, PAUL Q. CHAU SR., JAMES R. CLAUSEN, GREGORY M. COULTER, CARLOS F. CRUZ, ROBERT J. DABELOW JR., ALBERTA DANISH, ROBERT G. DANZL, WAYNE F. DAVISON, CLAIRE DELUCA, RICHARD DELUCA, ARTHUR L. DILLEY, Z. LYNNETTE DOHERTY, GARY R. DRAY, PATRICIA L. DRIESLEIN, SERGIO ESPINOZA, JOSEPH H. EVOLA, MARK P. FERGUSON, IRENE ALISEA-FRETZ, RICCI FRETZ, HECTOR J. GARCIA, KATHLEEN GARCIA, ALINDA M. GIANSIRACUSA, BILL GIFFORD, MICHAEL J. GIORGETTA, JIM GRECO, TERRENCE G. GREEN, JANE GREGORY, GENNARO GUASTAFIERRO, ALFRED M. GUERRA, EDMUND GUERRERO, NEAL C. HAAS, JAY P. HAESE, DAVID W. HALLAS, ROBERT HANSEN, BEV HARMAN, LEE A. | Case No. '97 CV 0616 E (AJB) <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION AND DIVERSITY)** |

1   HARPER, ROBERT J. HENETZ,  )
    RAYMOND HERRERA, ROSIE HICKS,  )
2   DENNIS J. HONEYCUTT, DAVID R.  )
    JACKSON, DENNIS H. JACKSON,  )
3   ADOLFO P. JARAMILLO, CORNELIUS  )
    (HENRY) JORDAN, DONALD  )
4   KOLESAR, DONNA L. LONG,  )
    CHRISTOPHER LORE, VALERIE  )
5   LUJAN, JAMES MCBRIDE, GIOVANNI  )
    MORETTA, DENNIA MOORE,  )
6   TIMOTHY S. MOULD, DAVE G.  )
    MOYER, DONALD H. NAISH,  )
7   VICKI D. NAISH, DEWEY G. NELSON,  )
    JOHN R. NEWMAN, RICHARD A.  )
8   OSWALD, MICHAEL PLESE,  )
    ROBERT B. PORTER, FELICITAS  )
9   QUITANIA, RENARD B. REID,  )
    TIMOTHY RICHARDSON, NORMA  )
10  RICHMAN, RAYMOND ROBERTS,  )
    JOHN ROBUTKA, RALPH RUBIO,  )
11  DOMINGO SANCHEZ, BERYL G.  )
    SCOTT, DONNAL L. SHUFFLER,  )
12  PETER A. SHURKO, JACK SINNOTT,  )
    PRINTES L. SMITH, ROBERT A.  )
13  SMITH, RICHARD C. SMITH, GLENN  )
    SPANGLER, RICHARD STURTZ,  )
14  ERIC H. TAUBENBERGER, JANE E.  )
    TIERNEY, KATHLEEN TRAVIS,  )
15  DIEGO TREVINO, KENT VIAN,  )
    RONALD E. WALTERS, FRANK D.  )
16  WELLER, KENNETH WILSON,  )
    REBECCA D. WILSON, JOHN H.  )
17  WINES, STEVE WINTERS, DAVID J.  )
    WYDYSH,  )

18              Plaintiffs,  )
                                   )
19          v.                     )
                                   )
20  GENERAL DYNAMICS           )
    CORPORATION, and DOES 1 through  )
21  50, inclusive,             )
                                   )
22              Defendants.       )
                              ____)
23  _____

24

25

26

27

28

                        2

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that Defendant General Dynamics Corporation,

3    ("General Dynamics") hereby removes to this court the state court action described below:

4    1.    On March 10, 1997, a complaint was filed in the Superior Court of the

5    State of California in and for the County of San Diego, entitled <u>Richard D. Adams, et al.</u>

6    <u>v. General Dynamics Corporation</u>, as Case No. 708719, a copy of which is attached

7    hereto as Exhibit "A."

8    2.    The first date upon which General Dynamics had notice that this complaint

9    was filed was on March 13, 1997.  General Dynamics has not been served with a

10   summons and a copy of the complaint.

11   3.    This action is a civil action of which this court has original jurisdiction

12   under 28 U.S.C. § 1331, and is one which may be removed to this court by General

13   Dynamics pursuant to the provisions of 28 U.S.C. § 1441(b) in that the exclusive remedy

14   for the allegations in the complaint, if any, is under the Fair Labor Standards Act (FLSA),

15   29 U.S.C. §§ 201 et seq.

16   4.    General Dynamics is informed and believes that Plaintiffs in this action

17   were at the time of the commencement of this action, and at the time of the filing of this

18   Notice of Removal, citizens and residents of the State of California and other states, with

19   the exception of Delaware or Virginia.

20   5.    General Dynamics was, at the time of the filing of this action, and still is, a

21   corporation incorporated under the laws of the State of Delaware, having its principal

22   place of business in the State of Virginia.

23   6.    In paragraph 4 of the complaint, Plaintiffs allege fictitious parties "DOES 1

24   through 50."  General Dynamics does not know their identity or their citizenship.

25   Complete diversity exists among all of the non-fictitious parties and pursuant to 28 U.S.C.

26   § 1441(a), the presence of nondiverse fictitious parties does not destroy diversity for

27   purposes of removal.

28

3

1    7.    This action is a civil action of which this court has original jurisdiction

2 under 28 U.S.C. § 1332, and is one which may be removed to this court by General

3 Dynamics pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action

4 between citizens of different states and General Dynamics is informed and believes that

5 the matter in controversy exceeds the sum of $75,000 in the aggregate and as to each

6 plaintiff.

7    8.    Less than 30 days have elapsed since this action became removable to this

8 court.  28 U.S.C. § 1446(b).

9    WHEREFORE, General Dynamics gives notice of removal of this action, and

10 removes this action, from the Superior Court of the State of California to the United

11 States District Court for the Southern District of California pursuant to 28 U.S.C.

12 § 1441(b).

13 DATED:  April 7, 1997

14               MAZZARELLA, DUNWOODY, WILSON & PETTY LLP

16 By: _____

17          CLAUDETTE G. WILSON

18          LISA L. SCHROEDER
            Attorneys for Defendant
            GENERAL DYNAMICS CORPORATION

PLTS0141.JW

4

001/185

FILED
CIVIL DIVISION

1997 MAR 10 P 3: 51

KENNETH E. MARTONE
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

507

1  **MONAGHAN & WARREN**
   **BRIAN D. MONAGHAN**
2  State Bar No. 48354
   **MICHAEL A. CONGER**
3  State Bar No. 147882
   1450 Front Street
4  San Diego, CA  92101
5  (619) 231-0059

6  Attorneys for all Plaintiffs except DAVISON,
7  H. GARCIA, K. GARCIA, HONEYCUTT and MOORE

2339 03 03 708719    03/11/97 11:57
01 001 NEW CIVIL    $185.00

8  **TERRENCE JOSEPH RIZZO**
9  State Bar No. 91235
   1450 Front Street
10 San Diego, CA  92101
   (619) 544-1800
11
   Attorney for Plaintiffs DAVISON, H. GARCIA,
12 K. GARCIA, HONEYCUTT and MOORE

13

507

14         **SUPERIOR COURT OF CALIFORNIA**

15              **COUNTY OF SAN DIEGO**

16 RICHARD D. ADAMS, MELANIE ARGO,        )   CASE NO. **00708719**
   MICHAEL L. BAFFONE, PHILIP P.          )
17 BALISTRERI, ROBERT J. BARRY,           )   COMPLAINT FOR DAMAGES
   DONALD BATES, DIANE BEDESSEM,          )
18 GEORGE R. BELL, STEVE                  )   (1)  FRAUD AND DECEIT —
   BIRMINGHAM, JAMES VICTOR               )        FALSE PROMISE;
19 BOWER, ROBIN DALE BOYD, JUAN           )   (2)  INTENTIONAL
   DANIEL BROOKS, PAUL Q. CHAU SR.,       )        MISREPRESENTATION;
20 JAMES R. CLAUSEN, GREGORY M.           )   (3)  NEGLIGENT
   COULTER, CARLOS F. CRUZ, ROBERT J.     )        MISREPRESENTATION;
21 DABELOW JR., ALBERTA DANISH,           )        AND
   ROBERT G. DANZL, WAYNE F.              )   (4)  CONCEALMENT
22 DAVISON, CLAIRE DELUCA, RICHARD        )
   DELUCA, ARTHUR L. DILLEY,              )
23 Z. LYNNETTE DOHERTY, GARY R.           )
   DRAY, PATRICIA L. DRIESLEIN,           )
24 SERGIO ESPINOZA, JOSEPH H. EVOLA,      )
   MARK P. FERGUSON, IRENE ALISEA-        )
25 FRETZ, RICCI FRETZ, HECTOR J.          )
   GARCIA, KATHLEEN GARCIA,               )
26 ALINDA M. GIANSIRACUSA, BILL           )
   GIFFORD, MICHAEL J. GIORGETTA,         )
27 JIM GRECO, TERRENCE G. GREEN,          )
28

                    EXHIBIT A

JANE GREGORY, GENNARO )
GUASTAFIERRO, ALFRED M. GUERRA, )
EDMUND GUERRERO, NEAL C. HAAS, )
JAY P. HAESE, DAVID W. HALLAS, )
ROBERT HANSEN, BEV HARMAN, LEE )
A. HARPER, ROBERT J. HENETZ, )
RAYMOND HERRERA, ROSIE HICKS, )
DENNIS J. HONEYCUTT, DAVID R. )
JACKSON, DENNIS H. JACKSON, )
ADOLFO P. JARAMILLO, CORNELIUS )
(HENRY) JORDAN,  DONALD KOLESAR, )
DONNA L. LONG, CHRISTOPHER LORE, )
VALERIE LUJAN,  JAMES MCBRIDE, , )
GIOVANNI MORETTA, DENNIS MOORE, )
TIMOTHY S. MOULD, DAVE G. MOYER, )
DONALD H. NAISH, VICKI D. NAISH, )
DEWEY G. NELSON, JOHN R. NEWMAN, )
RICHARD A. OSWALD, MICHAEL )
PLESE, ROBERT B. PORTER, FELICITAS )
QUITANIA, RENARD B. REID, TIMOTHY )
RICHARDSON, NORMA RICHMAN, )
RAYMOND ROBERTS, JOHN ROBUTKA, )
RALPH RUBIO, DOMINGO SANCHEZ, )
BERYL G. SCOTT, DONNA L. )
SHUFFLER, PETER A. SHURKO, JACK )
SINNOTT, PRINTES L. SMITH, )
ROBERT A. SMITH, RICHARD C. SMITH, )
GLENN SPANGLER, RICHARD STURTZ, )
ERIC H. TAUBENBERGER, JANE E. )
TIERNEY, KATHLEEN TRAVIS, DIEGO )
TREVINO, KENT VIAN, RONALD E. )
WALTERS, FRANK D. WELLER, )
KENNETH WILSON, REBECCA D. )
WILSON, JOHN H. WINES, STEVE )
WINTERS, DAVID J. WYDYSH, )
                                                )
                    Plaintiffs,             )
                                                )
v.                                            )
                                                )
GENERAL DYNAMICS CORPORATION, )
and DOES 1 through 50, inclusive, )
                                                )
                    Defendants.           )
_____ )

2

## GENERAL ALLEGATIONS

1.    Defendant   GENERAL   DYNAMICS   CORPORATION   ("GENERAL
DYNAMICS") is a Delaware corporation qualified to do business in San Diego County,
State of California, and, at all relevant times, was doing business in San Diego County,
California.

2.    Plaintiffs are informed and believe and thereon allege that GENERAL
DYNAMICS owns/owned and controls/controlled a division of the company known as the
"Convair Division," and exercises/exercised substantial authority in devising and
implementing employment practices and policies at Convair.  Any reference to Convair
includes GENERAL DYNAMICS as well.

3.    Plaintiffs were employees of GENERAL DYNAMICS who worked at the
Convair facility at Lindbergh Field in San Diego and whom GENERAL DYNAMICS
improperly classified as "salaried exempt" during all or a portion of the period August, 1985
through January 5, 1996.

4.    The true names or capacities, whether individual, corporate, associate, or
otherwise, of defendants DOES 1 through 50, inclusive, are unknown to plaintiffs, who
therefore sue said defendants by such fictitious names.  Plaintiffs are informed and believe
and thereon allege that each of the defendants designated herein as a DOES is responsible
in some manner for the events and happenings herein referred to, and caused injury and
damages proximately thereby to the plaintiffs as herein alleged.  Plaintiffs will seek leave
of court to amend this complaint to set forth the true names and capacities of such named
defendants when their identities become known to the plaintiffs.

5.    Plaintiffs are informed and believe and thereon allege that at all times relevant,
each of the defendants was the agent, servant, representative, or employee of each of the
remaining defendants, and was at all times relevant acting within the course and scope of
such agency, service, or employment and with the knowledge, consent, permission, approval,
or ratification of each of the co-defendants in doing  the things herein alleged.  Further, the
tortious acts performed by all defendants, including DOES 1 through 50, were done in the

3

1   course and scope of their employment as representatives of GENERAL DYNAMICS and

2   were ratified and/or performed by an officer, director or managing agent of GENERAL

3   DYNAMICS.

4
                                **FIRST CAUSE OF ACTION**
5
                        **FRAUD AND DECEIT — FALSE PROMISE**
6                              **(AGAINST ALL DEFENDANTS)**

7       6.      Plaintiffs incorporate by reference each and every allegation set forth above as

8   if fully set forth here.

9       7.      Beginning in at least August, 1985, and continuing throughout their

10  employment which ended when the Convair plant closed on January 5, 1996, GENERAL

11  DYNAMICS promised the plaintiffs that it would be law abiding and would pay the

12  plaintiffs correct and lawful wages according to laws governing additional compensation for

13  overtime hours worked by the plaintiffs.

14      8.      GENERAL DYNAMICS also told the plaintiffs that they were not required to

15  — and in fact should not — accurately record all of the overtime hours the plaintiffs

16  worked.

17      9.      These promises concerned a material matter, and at the time they were made

18  GENERAL DYNAMICS had no intention to perform these promises.

19      10.     GENERAL DYNAMICS made these promises with an intent to defraud the

20  plaintiffs, that is, for the purpose of inducing plaintiffs to rely on them, or to act or refrain

21  from acting in reliance on them.

22      11.     The plaintiffs were unaware of and in the exercise of reasonable diligence were

23  unable to discover GENERAL DYNAMICS' intention not to perform these promises.  The

24  plaintiffs acted in reliance on GENERAL DYNAMICS' promises and were justified in that

25  reliance.  GENERAL DYNAMICS further applied duress to plaintiffs in the form of threats

26  against their jobs, both with GENERAL DYNAMICS and in the aerospace industry, if they

27  asserted claims for overtime wages.   The plaintiffs did not discover GENERAL

28  DYNAMICS' promises were false until less than three years before the date of the filing of

                                            4

1   this complaint.

2       12.   As a result of their reliance on GENERAL DYNAMICS' promises, the

3   plaintiffs have sustained damages.  These damages include, but are not limited to, the

4   overtime wages the plaintiffs were not paid during the period August, 1985, through January

5   5, 1996, and related consequential damages, such as pre-judgment interest, lost retirement

6   benefits, additional employer Social Security contributions and similar benefits.

7       13.   The conduct of GENERAL DYNAMICS and its agents and employees, and

8   each of them as described herein, was despicable and was carried on by GENERAL

9   DYNAMICS with wilful and conscious disregard for the rights of the plaintiffs.  GENERAL

10  DYNAMICS was aware of the probable dangerous consequences of its conduct and wilfully

11  and deliberately failed to avoid those consequences.  This conduct constitutes malice,

12  oppression and fraud such that the plaintiffs are entitled, pursuant to California Civil Code

13  §3294, to recover punitive damages in an amount sufficient to punish and set an example

14  of GENERAL DYNAMICS.

15

16  **SECOND CAUSE OF ACTION**

17  **FRAUD — INTENTIONAL MISREPRESENTATION**<br>**(AGAINST ALL DEFENDANTS)**

18      14.   Plaintiffs incorporate by reference each and every allegation set forth above as

19  if fully set forth here.

20      15.   The defendants represented to the plaintiffs that each plaintiff had viable career

21  opportunities at GENERAL DYNAMICS and that at all times GENERAL DYNAMICS

22  would be law abiding and would pay the plaintiffs correct wages according to the law.

23      16.   The defendants' representations were false, because at the time the

24  representations regarding career opportunities were made, the company had already decided

25  it would be closing the Convair Lindbergh Field facility.  Further, the representations

26  regarding being "law abiding" were false, because at the time those representations were

27  made, GENERAL DYNAMICS was knowingly, recklessly and wilfully violating wage and

28  hour laws as they applied to plaintiffs, among others.

5

1       17.   GENERAL DYNAMICS made these representations knowing them to be false

2   or with reckless disregard for their truth or falsity and with an intent to defraud the

3   plaintiffs, that is, for the purpose of inducing the plaintiffs to rely on them and to cause the

4   plaintiffs to refrain from asserting their overtime wage claims.

5       18.   The plaintiffs were unaware of and in the exercise of reasonable diligence

6   were unable to discover the falsity of the defendants' representations. The plaintiffs acted

7   in reliance on those statements and were justified in that reliance. GENERAL DYNAMICS

8   further applied duress to plaintiffs in the form of threats against their jobs, both with

9   GENERAL DYNAMICS and in the aerospace industry, if they asserted claims for overtime

10   wages. The plaintiffs did not discover GENERAL DYNAMICS representations were false

11   until less than three years before the date of the filing of this complaint.

12       19.   As the result of the plaintiffs' reliance on the defendants' statements, the

13   plaintiffs have sustained damages.

14       20.   The conduct of GENERAL DYNAMICS and its agents and employees, and

15   each of them as described herein, was despicable and was carried on by defendants with

16   wilful and conscious disregard for the rights of the plaintiffs. Defendants were aware of the

17   probable dangerous consequences of their conduct and wilfully and deliberately failed to

18   avoid those consequences. The conduct of defendants constitutes malice, oppression and

19   fraud such that the plaintiffs are entitled pursuant to California Civil Code §3294 to recover

20   punitive damages in an amount sufficient to punish and set an example of defendants.

21

22   ### THIRD CAUSE OF ACTION

23   **FRAUD — NEGLIGENT MISREPRESENTATION**
**(AGAINST ALL DEFENDANTS)**

24

25       21.   Plaintiffs incorporate by reference each and every allegation set forth above as

26   if fully set forth here.

27       22.   The defendants represented to the plaintiffs that each plaintiff had viable career

28   opportunities at GENERAL DYNAMICS and that at all times GENERAL DYNAMICS

1 would be law abiding and would pay the plaintiffs correct wages according to the law.

2    23.    The defendants' representations were false, because at the time the
3 representations regarding career opportunities were made, GENERAL DYNAMICS had
4 already decided it would be closing the Convair Lindbergh Field facility or selling it to
5 another company.  Further, the representations regarding being "law abiding" were false,
6 because at the time those representations were made, GENERAL DYNAMICS was
7 knowingly, recklessly and wilfully violating applicable wage and hour laws in California and
8 elsewhere.

9    24.    Regardless of the defendants' actual belief when they made these statements,
10 the representations were made without any reasonable grounds for believing them to be true.

11    25.    The defendants made these representations with an intent to induce the
12 plaintiffs to rely on them.

13    26.    The plaintiffs were unaware of and in the exercise of reasonable diligence were
14 unable to discover the falsity of the defendants' representations.  The plaintiffs acted in
15 reliance on those statements and were justified in that reliance.  GENERAL DYNAMICS
16 further applied duress to plaintiffs in the form of threats against their jobs, both with
17 GENERAL DYNAMICS and in the aerospace industry, if they asserted claims for overtime
18 wages.  The plaintiffs did not discovery GENERAL DYNAMICS' representations were false
19 until less than three years before the filing of this complaint.

20    27.    As the result of the plaintiffs' reliance on the defendants' statements, the
21 plaintiffs have sustained damages.

22

23                              **FOURTH CAUSE OF ACTION**

24                              **FRAUD — CONCEALMENT**
                              **(AGAINST ALL DEFENDANTS)**

25    28.    Plaintiffs incorporate by reference each and every allegation set forth above as
26 if fully set forth here.

27    29.    The defendants concealed and suppressed material facts from the plaintiffs,
28 namely that the plaintiffs' careers at GENERAL DYNAMICS were short lived, at best,

                                         7

1 | because the decision had already been made (unknown to the plaintiffs) to either shut down
2 | the Convair Division or sell it to another company.  Further, the defendants concealed and
3 | suppressed GENERAL DYNAMICS' knowing, wilful, reckless and active violation of laws
4 | pertaining to the payment of overtime wages.

5 |    30. The defendants were under a duty to disclose those facts, but, instead,
6 | intentionally concealed and suppressed these facts with an intent to defraud the plaintiffs.

7 |    31. The plaintiffs were unaware of and in the exercise of reasonable diligence were
8 | unable to discover these concealed facts and would not have acted as they did if they had
9 | known the concealed and suppressed facts.  GENERAL DYNAMICS further applied duress
10 | to plaintiffs in the form of threats against their careers if they asserted claims for overtime
11 | wages.  The plaintiffs did not discover the facts  GENERAL DYNAMICS suppressed and
12 | concealed until less than three years before the date of the filing of this complaint.

13 |    32. As the result of defendants' intentional concealment and suppression of facts,
14 | the plaintiffs have sustained damages.

15 |    33. The conduct of GENERAL DYNAMICS and its agents and employees, and
16 | each of them as described herein, was despicable and was carried on by defendants with
17 | wilful and conscious disregard for the rights of the plaintiffs.  Defendants were aware of the
18 | probable dangerous consequences of their conduct and wilfully and deliberately failed to
19 | avoid those consequences.  The conduct of defendants constitutes malice, oppression and
20 | fraud such that the plaintiffs are entitled pursuant to California Civil Code §3294 to recover
21 | punitive damages in an amount sufficient to punish and set an example of defendants.

22 |
23 |    WHEREFORE, plaintiffs pray for a judgment as follows:
24 |    1. For general damages according to proof;
25 |    2. For special damages according to proof;
26 |    3. For back wages and all other damages which could have been recovered by the
27 | plaintiffs for the defendants' violations of laws;
28 |    4. For attorneys' fees;

5.  For prejudgment interest;

6.  For punitive damages on the first, second and fourth causes of action;

7.  For costs of suit herein incurred; and

8.  For such other and further relief as the court deems just and proper.

DATED:  March 9, 1997                    MONAGHAN & WARREN

By: _____
    BRIAN D. MONAGHAN
    MICHAEL A. CONGER
    Attorneys for all Plaintiffs except
    Davison, H. Garcia, K. Garcia,
    Honeycutt and Moore

DATED:  March 9, 1997

    _____
    TERRENCE JOSEPH RIZZO
    Attorneys for Plaintiffs
    Davison, H. Garcia, K. Garcia,
    Honeycutt and Moore

**ORIGINAL**

1  MAZZARELLA, DUNWOODY, WILSON & PETTY LLP
   CLAUDETTE G. WILSON (110076)
2  LISA T. SCHROEDER (149338)
   550 West C Street, Suite 1050
3  San Diego, CA 92101-3532
   (619) 236-9600
4
   JENNER & BLOCK
5  DAVID C. BOHAN
   CHRISTOPHER D. LIGUORI
6  ROYCE R. BEDWARD
   One IBM Plaza
7  Chicago, IL  60611
   (312) 222-9350
8
   Attorneys for Defendant
9  GENERAL DYNAMICS CORPORATION

10

11            UNITED STATES DISTRICT COURT

12          SOUTHERN DISTRICT OF CALIFORNIA

13  RICHARD D. ADAMS, MELANIE          )  Case No.
    ARGO, MICHAEL L. BAFFONE,          )
14  PHILIP P. BALISTRERI, ROBERT J.    )  **DECLARATION OF SERVICE BY**
    BARRY, DONALD BATES, DIANE         )  **MAIL**
15  BEDESSEM, GEORGE R. BELL, STEVE    )
    BIRMINGHAM, JAMES VICTOR           )
16  BOWER, ROBIN DALE BOYD, JUAN       )
    DANIEL BROOKS, PAUL Q. CHAU        )
17  SR., JAMES R. CLAUSEN,             )
    GREGORY M. COULTER, CARLOS F.      )
18  CRUZ, ROBERT J. DABELOW JR.,       )
    ALBERTA DANISH, ROBERT G.          )
19  DANZL, WAYNE F. DAVISON,           )
    CLAIRE DELUCA, RICHARD             )
20  DELUCA, ARTHUR L. DILLEY, Z.       )
    LYNNETTE DOHERTY, GARY R.          )
21  DRAY, PATRICIA L. DRIESLEIN,       )
    SERGIO ESPINOZA, JOSEPH H.         )
22  EVOLA, MARK P. FERGUSON, IRENE     )
    ALISEA-FRETZ, RICCI FRETZ,         )
23  HECTOR J. GARCIA, KATHLEEN         )
    GARCIA, ALINDA M.                  )
24  GIANSIRACUSA, BILL GIFFORD,        )
    MICHAEL J. GIORGETTA, JIM          )
25  GRECO, TERRENCE G. GREEN, JANE     )
    GREGORY, GENNARO                   )
26  GUASTAFIERRO, ALFRED M.            )
    GUERRA, EDMUND GUERRERO,           )
27  NEAL C. HAAS, JAY P. HAESE,        )
    DAVID W. HALLAS, ROBERT            )
28  HANSEN, BEV HARMAN, LEE A.         )

1    HARPER, ROBERT J. HENETZ, )
     RAYMOND HERRERA, ROSIE HICKS, )
2    DENNIS J. HONEYCUTT, DAVID R. )
     JACKSON, DENNIS H. JACKSON, )
3    ADOLFO P. JARAMILLO, CORNELIUS )
     (HENRY) JORDAN, DONALD )
4    KOLESAR, DONNA L. LONG, )
     CHRISTOPHER LORE, VALERIE )
5    LUJAN, JAMES MCBRIDE, GIOVANNI )
     MORETTA, DENNIA MOORE, )
6    TIMOTHY S. MOULD, DAVE G. )
     MOYER, DONALD H. NAISH, )
7    VICKI D. NAISH, DEWEY G. NELSON, )
     JOHN R. NEWMAN, RICHARD A. )
8    OSWALD, MICHAEL PLESE, )
     ROBERT B. PORTER, FELICITAS )
9    QUITANIA, RENARD B. REID, )
     TIMOTHY RICHARDSON, NORMA )
10   RICHMAN, RAYMOND ROBERTS, )
     JOHN ROBUTKA, RALPH RUBIO, )
11   DOMINGO SANCHEZ, BERYL G. )
     SCOTT, DONNAL L. SHUFFLER, )
12   PETER A. SHURKO, JACK SINNOTT, )
     PRINTES L. SMITH, ROBERT A. )
13   SMITH, RICHARD C. SMITH, GLENN )
     SPANGLER, RICHARD STURTZ, )
14   ERIC H. TAUBENBERGER, JANE E. )
     TIERNEY, KATHLEEN TRAVIS, )
15   DIEGO TREVINO, KENT VIAN, )
     RONALD E. WALTERS, FRANK D. )
16   WELLER, KENNETH WILSON, )
     REBECCA D. WILSON, JOHN H. )
17   WINES, STEVE WINTERS, DAVID J. )
     WYDYSH, )
18                      )
             Plaintiffs, )
19                      )
       v. )
20                      )
     GENERAL DYNAMICS )
21   CORPORATION, and DOES 1 through )
     50, inclusive, )
22                      )
             Defendants. )
23

24

25

26

27

28

1         I, the undersigned, declare under penalty of perjury that I am over the age of 18

2    years and not a party to this action.  I am employed in the County of San Diego, State of

3    California, in the office of a member of the Bar of this Court, at whose direction this

4    service was made.  My business address is Mazzarella, Dunwoody, Wilson & Petty, 550

5    West C Street, Suite 1050, San Diego, California  92101.  I served the following

6    documents:

7         **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)**
     **(FEDERAL QUESTION AND DIVERSITY)**

8

9    on the parties in this action, addressed as follows:

10   Brian D. Monaghan                                        Attorneys for Plaintiffs except
    Michael A. Conger                                        DAVISON, H. GARCIA, K.

11   Monaghan & Warren                                        GARCIA, HONEYCUTT and
    1450 Front Street                                        MOORE

12   San Diego, CA  92101
    Telephone:  (619) 231-0059

13

14   Terrence J. Rizzo                                        Attorneys for Plaintiffs
    1450 Front Street                                        DAVISON, H. GARCIA, K.

15   San Diego, CA  92101                                     GARCIA, HONEYCUTT and
    Telephone:  (619) 544-1800                               MOORE

16   By placing a copy in a separate envelope, with postage fully prepaid, for each addressee

17   named above and depositing each in the U.S. Mail at San Diego, California on

18   April 8, 1997.

19        I further declare that I am readily familiar with this firm's practice for processing

20   mail for collection and mailing by the United States Postal Service, said practice being

21   that mail is deposited with the United States Postal Service the same day it is placed for

22   collection, and that the above-listed documents were deposited in the ordinary course of

23   business.

24        Executed on April 8, 1997 at San Diego, California.

25

26

27   _Jamie Webb_
    JAMIE WEBB

28

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**
**APR – 8 1997**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ~~CALIFORNIA~~
BY

## I (a) PLAINTIFFS

RICHARD ADAMS, et al.

## DEFENDANTS

GENERAL DYNAMICS CORPORATION

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**'97 CV 0616 E  (AJB)**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Monaghan & Warren
1450 Front Street
San Diego, CA  92101
(619) 231-0059

ATTORNEYS (IF KNOWN)

Mazzarella, Dunwoody, Wilson & Petty LLP
550 West C Street, Suite 1050
San Diego, CA  92101
(619) 236-9600

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. Section 201

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
April 7, 1997

SIGNATURE OF ATTORNEY OF RECORD
LISA T. SCHROEDER

UNITED STATES DISTRICT COURT